**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA  16-cr-234

(1) DeGeorge Willie Buford

(Name of Plaintiff)          (Inmate Number)
                              [30024-074]

P.O.Box 1000, Lewisburg, PA 17837

(Address)

(2)_____

(Name of Plaintiff)          (Inmate Number)

_____

(Address)

(Each named party must be numbered,
and all names must be printed or typed)

**FILED
SCRANTON**

FEB 1 0 2016

PER _____
    DEPUTY CLERK

(Case Number)

                vs.

(1) United States
                28:3003(15)(A)
(2)_____  ET AL.,

(3)_____

(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

**CIVIL COMPLAINT**

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 – STATE OFFICIALS

                    ✓ 28 U.S.C. § 1331 – FEDERAL OFFICIALS

I.  **PREVIOUS LAWSUITS**

A.  If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case
    number including year, as well as the name of the judicial officer to whom it was assigned:

I apologize for being unable to recall all my previous law-
suits. I suffer diabetic dimentia and FBOP staff ROUTINELY
confiscate my legal materials, leaving me no reference
point when my memory fails.

1

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution?  ✓Yes ____No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims?  ✓Yes ____No

C.   If your answer to "B" is Yes:

1.   What steps did you take? I filed an Administrative Tort Claim _____

2.   What was the result? The Tort Claim was denied _____

D.   If your answer to "B" is No, explain why not: _____ N/A _____


## III.   DEFENDANTS

(1) Name of first defendant: UNITED STATES _____

Employed as _____ at _____
Mailing address: _____
(2) Name of second defendant: CHARLES E. SAMUELS
Employed as DIRECTOR, FBOP at FBOP Central Office
Mailing address: 320 First Street WASHINGTON, D.C.
(3) Name of third defendant: J. ADAMI
Employed as Unit Manager at USP Lewisburg SMU
Mailing address: 2400 Robert F Miller, Lewisburg PA 17837
(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

1.   On or about 07 April 2014, an inmate was placed in the cell with Plaintiff despite double-occupancy bar found at FBOP P.S. #1060.11. A Senior Officer heard the said inmate threaten

Page 2 (a)

Plaintiff, though Plaintiff did not. On or about 9 April 2014, Plaintiff was called to testify at the hearing of incident report ("I/R") no.: 2528487 4 [?]. Representative of the United States, DHO Chambers called me in to testify. Because I did not hear the threat, I COULD NOT testify that the inmate threatened me.

Chambers found the inmate guilty of threatening Plaintiff and sanctioned the inmate accordingly.

Representatives of the United States, J. Adami, D. Ebbert (as CEO of the SMU) did NOT separate the inmate and Plaintiff AFTER the inmate was found guilty of committing the Code Violation of threatening an inmate.

On or about 21 October 2014, the inmate made good on his threat by attacking Plaintiff, grabbing Plaintiff's hair, punching and kicking Plaintiff. Unknown representatives of the United States started shooting Plaintiff in the back of the head (at the base of the skull x 7) while the inmate held Plaintiff fast by the hair. When representatives of the United States first arrived on scene, they deployed a riot weapon SOLELY against Plaintiff, who was, being held, on his knees, by the other inmate.

As a result of the attack by the inmate and the shooting with "pepper balls" by the United States, the Plaintiff suffered panretinal photocoagulation outside the macula with patches of regressed neovascularization temporal to the macula, superior mid periphery, and inferior mid periphery and hemorrhage overlying the inferior macula and below the inferotemporal arcade. See October 27, 2014, retinal evaluation of: DAVID A. LIGHTMAN, M.D. ENCLOSED

Page 2 (b)

Representatives of the United States Anna Zimmerman and Andrew Edinger attempted to downplay the injury to Plaintiff's eye in order to conceal actions of representatives of the United States responsible for the inmate coordinated attack. See Clinical Encounter 10/23/14, pp. 1-2. ENCLOSED.

Plaintiff was thus subjected to Cruel and Unusual Punishment by being forced to cell with a prisoner in a cell less than 75 square feet, in direct violation of PS # 1060.11; by forcing Plaintiff to cell with a prisoner the United States knew, or (being reasonably prudent) should have known would target Plaintiff for violent attack; and failure, as a matter of long-standing custom or usage, of the United States to properly supervise and direct FBOP employees and officials to comply with FBOP policy (ies) and directives.

DEFENDANTS concl'd
DHO Chambers  U.S. Customs House 7th Floor, 2nd & Chestnut Street
Philadelphia, PA 19106
Unknown Officer 1
Unknown Officer 2
Unknown Lieutenant who shot Plaintiff seven (7) times
    with riot control weapon 21 October 2014

ALL REMAINING DEFENDANTS: 2400 ROBERT
F. MILLER, LEWISBURG, PA 17837

ALL DEFENDANTS ARE HEREIN SUED IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES.

· CONTINUED ON PAGE 8(a) & (b), ATTACHED ·

2. _____

3. _____

## V.  RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. Plaintiff seeks a JURY TRIAL on ALL triable issues and a compensatory damages award against defend-ants, both jointly and severally, in the amount of $30,000.⁰⁰ (thirty-thousand U.S. dollars)

2. TRO/PI injoining defendants from violating FBOP Program Statement # 1060.11§7c(1)(a). Plaintiff is STILL housed with prisoners with violent psychiatric histories. and still having untreated eye problems.

3. Any and all other relief this Cort deems necessary to satisfy The Ends of Justice.

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  05 th  day of  February          , 20 16 .

(Signature of Plaintiff)
WITHOUT PREJUDICE, UCC § 1-308(a)
WITHOUT RECOURSE, UCC §§3-415 & 3-501 et seq.

4

BY SPECIAL LOL (NOT GENERAL) VISITATION
IN ADMIRALTY

BP-A148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

FOR
TO

| TO:(Name and Title of Staff Member) USP-LEW MEDICAL RECORDS MRS. SNYDER | DATE: 14 November 2014 |
|---|---|
| FROM: Dr. George Willie Buford, III, D.D. | REGISTER NO.: [30084-074] |
| WORK ASSIGNMENT: UNASSIGNED | UNIT: G 105 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.

Good day, Ma'am,

May I please have the record related to my 27 October 2014 visit with Dr. Lightman, including all photographs of my inner left eye as well as Dr. Lightman's report/findings?

Also, I'd like the official record on how many times I have filled out indigent over-the-counter medications requests that have been allowed to languish without being filled. Thank you.

Dr. George Willie Buford, III, D.D.

(Do not write below this line)

DISPOSITION:

Enclosed

| Signature Staff Member J. Snyder | Date 11-121-14 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        **SECTION 6**

# THE RETINA GROUP OF PENNSYLVANIA PC
### 800 WEST 4TH STREET, SUITE 104
### WILLIAMSPORT, PA 17701-7200
### (570)-321-0880

October 27, 2014

Kevin Pigos, MD
USP Lewisburg
PO Box 1000
Lewisburg, PA 17837

Lew
30024-074

RE:    George W. Buford
       DOB: 07/08/1967

Dear Kevin:

Thank you for asking me to see George Buford for a retinal evaluation.

Enclosed are my findings:

Optotype:

| Acuity | Va SC | Va CC | PH | N SC | N CC |
|--------|-------|-------|-----|------|------|
| OD | 20/70 +2 | 20/25 GL | | | 20/30 GL |
| OS | 20/80 | 20/40 GL | 20/30 | | 20/30 GL |

**Vitals:** IOP Right Eye: 14 mm Hg      IOP Left Eye: 13 mm Hg      (Tonopen)

**CC:** Referred by Dr. Pigos for visual problem left eye.
**HPI:** Mr. Buford was evaluated by Dr. Pigos and Dr. Walmer in September for decreased vision. George notes two balls of hair in the vision of his left eye. His symptoms started after being attacked by another inmate. The prison guards broke up the fight by firing pepper balls at the patient and attacker. The balls of hair have "tentacles" coming down from them. He can see these with his eyes open or closed. The vision in the right eye is slightly blurry. He notes that his vision in the right eye has never been great. He feels there has been a hemorrhage in the left eye. He states his blood glucose levels have been low (between "low" and 58). His left eye is very painful. He rates the pain as a 47 on a pain scale from 1 to 10. There is no external injury to the left eye.

**Eye Exam:**
**Pupils:** Normal, 2.5 mm undilated and no APD OU.
**Motility:** EOM full OU.
**Confrontational VF:** Full to confrontation OU.
**Amsler Grid:** Normal OU.
**Dilation:** Mydriacyl 1% and Neosynephrine 2.5% OU Dilation Time: 12:38 pm
**Slit Lamp Exam:**
**Adnexa/Orbits:**
       **Lids:** Normal upper & lower lids OU.
**Conjunctivae:**
       **Bulbar:** White and quiet OD. Inferior subconjunctival hemorrhage OS.
**Cornea:**
       **Epithelium:** Normal OU.
       **Stroma:** Clear OU.
       **Endothelium:** Normal OU.

Page -2-
Buford, George W
DOB: 07/08/1967
October 27, 2014

**Anterior Chamber:** Quiet OU.
**Iris:** Brown color OU.
**Lens:** 1+ NSC OU.
**Fundus Exam:**
**Vitreous:** Clear OD.  Mild hemorrhage anterior to the disc and preretinal hemorrhage along the inferotemporal arcade OS.
**Optic Nerve:**
      **Cup/Disc Ratio:** 0.1 OD. 0.2 OS.
**Macula:** Flat OU.
**Vessels:** Normal OU.
**Peripheral Retina:** PRP OU.  Regressed NV nasal to the disc OD.
**OCT: OD:** Normal foveal contour.  No edema or pucker.
**OS:** Normal foveal contour.  No edema or pucker.
**Photo: OD:** Media clear. No cupping.  The macula and vessels are normal. There is panretinal photocoagulation outside the macula with patches of regressed neovascularization temporal to the macula, superior mid periphery, and inferior mid periphery.
**OS:** Media clear.  0.1 C/D.The macula is flat.  There is hemorrhage overlying the inferior macula and below the inferotemporal arcade.

**Assessment:**
1. 250.50 Diabetes W/ Ophthalmic Manifestations Type II Controlled
2. 362.02 Diabetic Retinopathy Proliferative
Comments      : OU
3. 379.23 Vitreous Hemorrhage
Comments      : OS, mild
**Care Plan:**
Comments      : I reassured George that most likely the blood left eye will go away over the next several weeks or months and no additional treatment is needed at this time.
Follow Up      : 4 months, dilate OU, or sooner if there is a change for the worse.

      Kevin, thanks again for the opportunity to evaluate this nice patient.  If you have any questions regarding the condition of this patient, please do not hesitate to contact me and we can discuss it.

Sincerely,

Electronically signed by David A. Lightman, M.D.
DAVID A. LIGHTMAN, M.D.

cc:    Dr. Walmer

WITHOUT PREJUDICE, UCC 3:1-308 (a)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:** _____
NORTHEAST REGIONAL OFFICE
US CLAIMS UNIT, 7th FLOOR
2nd & CHESTNUT STREET
PHILADELPHIA, PA 19106

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**
Le Grand Williford, III DD.

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☑ CIVILIAN | | | | |

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

Charles E. Samuels, II, DIRECTOR of the FEDERAL BUREAU of PRISONS, failed to implement policies that adequately screen applicants for prison employment for bad character, psychosis, and anti-social behavior, resulting in an existing custom or usage at FBOP facilities of forcefully preventing incarcerated persons, wherein the prisoner is forced to forfeit and surrender rights in order to physically defend himself from violent criminal attacks from both prisoners and staff when not around witnesses.

**9. PROPERTY DAMAGE**

**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** *(Number, street, city, State, and Zip Code)*

N/A

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.** *(See instructions on reverse side.)*

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

**STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.**

The United States Fix is placed a chance bar code (bar cuts) TWO (2) inch bruises, slap, hand, scratches, Assault, and theft of claimant item UNKNOWN, resulting in mental health hemorrhage and bleeding.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| THE UNITED STATES ATTORNEY GENERAL ERIC HOLDER | PENNSYLVANIA AVE. NW, Washington, DC 20530 |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| **12a. PROPERTY DAMAGE** | **12b. PERSONAL INJURY** | **12c. WRONGFUL DEATH** | **12d. TOTAL** *(Failure to specify may cause forfeiture of your rights.)* |
| N/A | $3000.— | N/A | $3,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Le Grand Williford, III DD | N/A | JUNE 2015 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## BACKGROUND

On or about of April 2014, a Senior Officer Specialist (S.O.S.) claimed he heard an inmate threaten Claimant with willing[...]. He issued an [...] report charging him with a threat. Incident Report [...] The inmate was removed from the cell. The next day, April 2014, the inmate were returned with incident. On or about of April 2014, the incident report was heard by the DHO. Claimant informed the DHO that he did NOT hear the threat. The DHO and just on the weight of the [...] written statement, found the inmate guilty of threatening Claimant with bodily injury.

AFTER being found GUILTY of Threatening Claimant with bodily injury, the inmate was returned to the cell with Claimant.

On or about of October 2014, Claimant was attacked by the same inmate who had threatened him according to the OFFICIAL findings of the BOP DHO. When the attack was over, Claimant suffered a busted lip and was [...] his nose bleeding.

## STATEMENT OF LAW

At the time of the threat, the occupancy of [...] cell occupied by Claimant was [...] BOP PROGRAM STATEMENT NUMBER 1330.[...], entitled Rated Capacities of Bureau Facilities (B.P.C.C.S). [...] inmate was NOT [...] the cell with Claimant is Threaten Claimant.

The U.S. Third Circuit Court of Appeals, having inherent supervisory authority over BOP facilities in the Third Circuit, re-

BY SPECIAL   (NOT GENERAL )         VISITATION
            IN ADMIRALTY

B UNIT TEAM                              09 JUNE 2014
Dr. George Willie Buford, III, D.D.     NON ASSUMPSIT
                          [FED. REG. NO.: 30024-074]
UNASSIGNED                     803:323

Good day Ladies and Gentlemen,

    I would like to switch cells with Mr. Antonio Haynes
# 08927-003 who is located in cell D-2 : 224. He
has agreed to this move and I have agreed to move
over there.
    Thank you so much for your valuable time and at-
tention.

                        Respectfully,

              Dr. George Willie Buford, III, D.D.

quires prison officials to take reasonable steps to prevent prisoner-on-prisoner violence once staff "know" a prisoner will be targeted for violent attack. See Bistrian v. Muhlmeister, 519 Fed. Appx. 120, 127 (3d Cir. 2002). Prison officials became aware of the threat toward Claimant when the reporting officer called a supervisory staff to remove the prisoner from the cell.

Once the DHO employed within the Northeast Regional Office, read the inmate entry of threatening Claimant, the Northeast Regional Office of the FBOP was notified through the DHO reports, that Claimant was in danger and did NOTHING to prevent said attack ———— as in fact the prevailing law required them to. Because the Director of the FBOP is lackluster in performing the function of a Director of the FBOP, the Northeast Regional Office is in shambles, as evidenced by the prevailing norm at FBOP facilities in the Northeast Region.

The failure to enforce the law of the Third Circuit is a long standing practice or usage which, though not memorialized in any official writings, operates with the force and effect of an official policy of the United States to cause Claimant physical, failing and other bodily injuries consistent with cruel and unusual, implied meaning of his prior sentence.

It appears that the ONLY DHO staff willing to act in accordance with the law of the United States Third Circuit, was the reporting official.

WITHOUT PREJUDICE, UCC § 1-308 (a)

3

SE-95 CONCL'D

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

December 14, 2015

George Buford, Reg. No. 30024-074
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

  RE: Administrative Claim No. TRT-NER-2015-04635

Dear Mr. Buford:

  Your Administrative Claim No. TRT-NER-2015-04635, properly received on June 15, 2015, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $30,000.00 based on a personal injury claim. Specifically, you allege Bureau of Prisons staff failed to protect you from the threats of another inmate and forced you into situations where you had to defend yourself from being assaulted by staff and other inmates.

  An investigation, including review of your medical records, shows you were called as a witness in a Disciplinary Hearing regarding another inmate at USP Lewisburg. You testified the other inmate did not threaten you during the April 7, 2014 incident. On October 21, 2014, USP Lewisburg staff observed you and the other inmate involved in a physical altercation. USP Lewisburg staff implemented a use of force action when you and the other inmate did not initially adhere to staff orders. The use of force action taken by USP Lewisburg staff was reasonable and appropriate. Following the incident, USP Lewisburg medical staff evaluated you and no treatment was necessary. There is no evidence that you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee. Accordingly, your claim is denied.

  If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

       Sincerely,

       Michael D. Tafelski
       Regional Counsel

cc: David J. Ebbert, Warden, USP Lewisburg



**U.S. Department of Justice**
Federal Bureau of Prisons
*Northeast Regional Office*

---

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

June 25, 2015

George Willie Buford, Reg. No. 30024-074
USP Lewisburg
P.O. Box 1000
Lewisburg, PA   17837

Re:  Administrative Claim Received June 15, 2015
     Claim No. TRT-NER-2015-04635

Dear Mr. Buford:

     This will acknowledge receipt of your administrative claim
for an alleged loss of personal property or personal injury
suffered at USP Lewisburg.

     Under the provisions of the applicable federal statutes, we
have six months from the date of receipt to review, consider,
and adjudicate your claim.

     All correspondence regarding this claim should be addressed
to Federal Bureau of Prisons, Northeast Regional Office, Room
701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia,
Pennsylvania 19106.  If the circumstances surrounding this claim
change in any fashion, you should contact this office
immediately.  Also, should your address change, you should
advise this office accordingly.

                              Sincerely,

                              Michael D. Tafelski
                              Regional Counsel

BP-S288.052 **INCIDENT REPORT** CDFRM–
MAY 1994
**U.S. DEPARTMENT OF JUSTICE**                                  **FEDERAL BUREAU OF PRISONS**

| 1. Name Of Institution: USP LEWISBURG | | | | |
|---|---|---|---|---|
| 2. Name Of Inmate<br><br>Buford,George | 3. Register Number<br><br>30024-074 | | 4. Date Of Incident<br><br>10/21/2014 | 5. Time<br><br>5:11 PM |
| 6. Place Of Incident<br>B-Block Cell 325 | 7. Assignment<br><br>SMU | | 8. Unit<br>Adami | |
| 9. Incident: Fighting with another person<br>          Refusing to obey an order | | | 10.  Code: 201<br>              307 | |

11. Description Of Incident : **Date:10/21/2014**    **Time:6:34 pm** (staff became aware of incident)
On October 21, 2014 at approximately 5:11 pm while collecting food trays I heard a loud thud coming from cell B #325. I went to check what the sound was and at this time I witnessed  Inmate Buford, George #30024-074 and Inmate James, Chad #29714-034 exchanging closed fists and elbows strikes about the head, face, and upper torso area.  I gave both inmates a direct order to cease their actions, they refused all orders. at this time. I called for assistance via radio. I dispersed two 2 second bursts of my MK4 into the cell with negative results. I was then relieved of my duties and I have no injuries and no loss of equipment.

| 12. Signature Of Reporting Employee | Date And Time<br>10/21/2014<br>6:30pm | 13. Name And Title (Printed)<br>    J. Young C.O. | |
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | | 15. Date Incident<br>Report Delivered<br><br>10-21-14 | 16.time Incident<br>Report Delivered<br><br>19 oo |

**Part II – Committee Action**

17. Comments Of Inmate To Committee Regarding Above Incident

| 18. A. It Is The Finding Of The Committee That You:<br>_____ Committed The Following Prohibited Act.<br><br>_____ Did Not Commit A Prohibited Act. | B. _____   The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C. _____   The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act).

21. Date And Time Of Action _____ (The UDC Chairman=s Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

_ Chairman (Typed Name/signature)     Member (Typed Name)     Member (Typed Name)

BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**    CDFRM
AUG 11

**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU PRISONS**

| | | |
|---|---|---|
| Institution: USP Lewisburg | Incident Report number: 2642091 | |
| Name Of Inmate: BUFORD, George | Reg. No.: 30024-074 | Unit: G-Block |
| Date of Incident Report: 10-21-2014 | Date of Incident: 10-21-2014 | |

Offense Code: 201, 307

Summary of Charges: Fighting with another Person, Refusing an Order

**I.    NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 10-21-2014 at (time) 7:00 pm (by staff member) B. Shirk, LT.

B. The DHO Hearing was held on (date) 11-06-2014 at (time) 11:14 am

C. The inmate was advised of the rights before the DHO by (staff member): A. Cotterall, CSW on (date) 10-22-2014 and copy of the advisement of rights form is attached.

**II.    STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes ____ No XX

B. Inmate requested staff representative and P. Ramirez appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: N/A

D. Staff representative N/A was appointed.

E. Staff representative statement:

P. Ramirez appeared as a staff representative on behalf of inmate Buford during the DHO hearing. Mr. Ramirez spoke with inmate Buford at length, prior to the DHO hearing. Mr. Ramirez stated inmate Buford made no specific request of him as a staff representative in this case. P. Ramirez stated he had no first hand knowledge of the incident in this case. P. Ramirez stated he had no further information to present, nor statement to make, regarding this case.

**III.    PRESENTATION OF EVIDENCE**

A. Inmate ____ (admits) X (denies) the charge(s).

B. Summary of inmate statement: Inmate Buford indicated he understood his rights and was ready to proceed with the hearing. Inmate Buford testified Section 11 of the incident report is inaccurate. Upon being questioned by the DHO, Inmate Buford testified, I can't admit I was fighting. In addition to his verbal testimony, Buford submitted a written statement for the DHO to consider. The written statement entitled, "UDC Packet" states, "(inmate) Buford should be exonerated on this offense based on the following: 1. The Federal Bureau of Prisons (hereafter 'FBOP' or 'FBOP') is charged, by Congress, with '...the safekeeping....' of ones convicted of crime. See title 18 USC 4042.2. On or about 07 April 2014, the other inmate was charged with threatening Buford with bodily injury upon the statement of an authorized representative of the government of the United States who is a corrections officer stated that he heard said threat. See chronological disciplinary history of the other inmate. 3. On or about 10 April 14, the discipline hearing officer, who was also an authorized representative of the government of the United States, and was then acting in the capacity of the finder of fact, found that the other inmate had, in fact, threatened Buford, and sanctioned him accordingly. See the other inmate's DHO report. 4. That the above finding of fact represents a verified threat to Buford's safety and security and would be much more than sufficient to cause reasonably prudent corrections officials to separate the two prisoners. 5. The two remained forced to live in a less than 75 (seventy-five) square-foot concrete and steel enclosure when the rated capacities from Bureau facilities, expressed at program statement #1060.11, specifically states that living quarters not meeting the 75 square-foot threshold are to be used for single occupancy only. See OP1: 1060.11.6. In the third circuit (which includes Pennsylvania) prison officials are liable for violence they know, or have reason to believe, will take place failed to respond with reasonable safety measures. See Scott v. Mahlmeister, 319 Fed. Appx. 160, 161 (3d Cir. 2009). This is the law for failure to protect cases nationwide. Please see Farmer v Brennan, 511 US 825 (1994); Robinson v. Prunty, 249 F. 3d 862 (9th Cir 2001); Newman v. Holmes, 122 F. 3d 650 (8th Cir. 1997); and Marsh v. Butler County, Alabama, 268 F. 3d 1014 (11th Cir. 2001). 7. Buford requested to be moved. First, Buford asked to be moved to D03. When that failed, Buford found an inmate in D2 to switch cells and notified the unit team. No move was made. See exhibits A&B, attached. 8. The write-up should be expunged because, under the circumstances, Buford acted patiently and reasonably of the unit team ignored and expressed a significant risk to Buford's health and safety".

1

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | |
|---|---|---|
| Inmate Name:  BUFORD, GEORGE WILLIE | | Reg #:  30024-074 |
| Date of Birth: | Sex:  M  Race:  BLACK | Facility:  LEW |
| Encounter Date:  10/21/2014 17:57 | Provider:  Schoonover, Amy J RN | Unit:  B03 |

Injury Assessment-Not Work Related encounter performed at Special Housing Unit.

**SUBJECTIVE:**

**INJURY  1**      **Provider:**   Schoonover, Amy J RN

   **Date of Injury:**      10/21/2014 17:11       **Date Reported for Treatment:**      10/21/2014 17:57

   **Work Related:**      No           **Work Assignment:**      UNASSG

   **Pain Location:**

   **Pain Scale:**     Refused

   **Pain Qualities:**

   **Where Did Injury Happen (Be specific as to location):**

      B-block 3rd floor cell 325

   **Cause of Injury (Inmate's Statement of how injury occurred):**

      Cell Altercation

   **Symptoms (as reported by inmate):**

      IM c/o "difficulty breathing"


**OBJECTIVE:**

**Exam:**

   **General**

      **Appearance**

         Yes: Appears Well, Alert and Oriented x 3

         No: Appears in Pain

   **Skin**

      **Trauma**

         Yes: Laceration, Abrasion

            laceration noted to left lower lip; abrasion noted right arm

**ASSESSMENT:**

   Cut(s) and/or Abrasion(s)

   Responded to cell altercation on B-block 3rd floor cell 325 where OC spray was used to get IM to comply and submit to restraints and be removed from cell. IM placed into the B-block 3rd floor shower and decontaminated with water. IM then medically assessed. IM c/o difficulty breathing. IM noted to be speaking in complete sentences with no apparent SOB/difficulty breathing or speaking noted. IM noted to have an abrasion to his right arm and a laceration to his left lower lip. IM denies any LOC, CP, and NV. No medical treatment necessary at this time.


**PLAN:**


**Disposition:**

   Follow-up at Sick Call as Needed

   Return Immediately if Condition Worsens


**Patient Education Topics:**

| **Date Initiated** | **Format** | **Handout/Topic** | **Provider** | **Outcome** |
|---|---|---|---|---|

| Inmate Name: | BUFORD, GEORGE WILLIE | | | | | Reg #: | 30024-074 |
| Date of Birth: | | Sex: | M | Race: | BLACK | Facility: | LEW |
| Encounter Date: | 10/21/2014 17:57 | Provider: | Schoonover, Amy J RN | | | Unit: | B03 |

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 10/21/2014 | Counseling | Access to Care | Schoonover, Amy | Needs Reinforcement |

**Copay Required:** No          **Cosign Required:** Yes

**Telephone/Verbal Order:** No

Completed by Schoonover, Amy J RN on 10/21/2014 18:02
Requested to be cosigned by  Edinger, Andrew MD.
Cosign documentation will be displayed on the following page.
Requested to be reviewed by  Zimmerman, Anna CRNP.
Review documentation will be displayed on the following page.

# Bureau of Prisons
## Health Services
## Cosign/Review

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BUFORD, GEORGE WILLIE | | | Reg #: | 30024-074 |
| Date of Birth: | ███████ | Sex: | M | Race: | BLACK |
| Encounter Date: | 10/21/2014 17:57 | Provider: | Schoonover, Amy J RN | Facility: | LEW |

**Reviewed by Zimmerman, Anna CRNP on 10/22/2014 08:02.**

# Bureau of Prisons
# Health Services
# Cosign/Review

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BUFORD, GEORGE WILLIE | | | Reg #: | 30024-074 |
| Date of Birth: | ▮▮▮▮▮▮▮ | Sex: | M | Race: | BLACK |
| Encounter Date: | 10/21/2014 17:57 | Provider: | Schoonover, Amy J RN | Facility: | LEW |

**Cosigned by Edinger, Andrew MD on 10/22/2014 13:43.**

BP-A148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Sick Call Health Care Professional | 22 October 2014 |
| FROM: Dr. George Willie Buford III, D.D. | REGISTER NO.: [30024-074 (under duress)] |
| WORK ASSIGNMENT: UNASSIGNED | UNIT: B03:325 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

I wish to be evaluated for a broken/ruptured blood vessel, occulus sininter, post unprovoked attack by a prisoner who was forced to live in the cell with me despite fact that he had previously been found guilty of Threatening me with Bodily Injury and that Program Statement # 1060.11(c)(7)( Rated Capacities for Bureau Facilities) prohibits "double occupancy" in cells less than 75 (seventy-five) square feet, and despite the inmate's history of violently attacking his cellmates. Thank You

Dr. George Willie Buford III, D.D.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER     **SECTION 6**

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BUFORD, GEORGE WILLIE | | | Reg #: | 30024-074 |
| Date of Birth: | | Sex: | M   Race:   BLACK | Facility: | LEW |
| Encounter Date: | 10/23/2014 09:17 | Provider: | Zimmerman, Anna CRNP | Unit: | B03 |

Sick Call/Triage encounter performed at Special Housing Unit.

**SUBJECTIVE:**

   **COMPLAINT  1**          **Provider:** Zimmerman, Anna CRNP

      **Chief Complaint:** Eyes/Vision Problems

      **Subjective:**     Inmate reported to sick call this morning with left eye vision change after altercation 2 days
                        ago. States he sees two black spots, and they are slowly getting larger over the past two
                        days. This is affecting his vision. Requesting evaluation.

      **Pain Location:**   Eye-Left

      **Pain Scale:**  1

      **Pain Qualities:**  Dull

      **History of Trauma:**      Yes

      **When:** 2 days ago

      **Injury:**  inmate thinks pepperball but unsure secondary to adrenaline

      **Mechanism:**

      **Onset:**   1-2 Days

      **Duration:**  1-2 Days

      **Exacerbating Factors:**

      **Relieving Factors:**

      **Comments:**


**ROS:**

   **General**

      **Constitutional Symptoms**

         No: Chills, Fatigue, Fever, Night Sweats, Weakness

   **HEENT**

      **Eyes**

         Yes: Blurred Vision, Changes in Vision, Hx Eye Glasses, Pain, Redness, Trauma, Visual Loss

         No: Within Normal Limits, Color Blindness, Diplopia, Discharge/Matting, Photophobia


**OBJECTIVE:**

**Exam:**

   **General**

      **Affect**

         Yes: Pleasant, Cooperative

      **Appearance**

         Yes: Appears Well, Alert and Oriented x 3

         No: Appears Distressed

   **Skin**

      **General**

         Yes: Within Normal Limits, Dry, Skin Intact

            exam localized to face.

   **Eyes**

| Inmate Name: | BUFORD, GEORGE WILLIE | | | | Reg #: | 30024-074 |
|---|---|---|---|---|---|---|
| Date of Birth: | | Sex: | M | Race: BLACK | Facility: | LEW |
| Encounter Date: | 10/23/2014 09:17 | Provider: | Zimmerman, Anna CRNP | | Unit: | B03 |

**Exam:**

**General**
Yes: PERRLA, Extraocular Movements Intact

**Conjunctiva and Sclera**
Yes: Subconjunctival Hemorrhage

**Cornea and Lens**
Yes: Normal Appearing

left eye with subconjunctival hemorrhage that encompasses left medial half of eye and extends under the iris towards the 4-5 oclock area of the sclera of the eye. Does not extend into the anterior chamber. No uveitis or hyphema seen during ocular exam. Examinted posterior eye with opthalmascope, and saw a few tiny black spots in center of eye, but no signs of hemorrhage during my exam. Exam limited secondary to small pupils, so I consulted Dr. Edinger to perform second exam. Per Dr. Edinger's exam, states that he does not see any signs of hemorrhage either, but posterior vitreous chamber may have some debris which could be causing his symptoms.

**ASSESSMENT:**

One eye: moderate impair; other eye: normal vision, 369.76 - Current, Temporary/Acute, Not Improved/Same

**PLAN:**

**Disposition:**
Follow-up at Sick Call as Needed
Return Immediately if Condition Worsens
Return To Sick Call if Not Improved

**Other:**
Inmate with focal left eye trauma: subconjunctival hemorrhage and floaters. No retinal hemorrhage seen. No periorbital trauma seen.

Inmate should F/U sick call if vision worsens or changes. Has opthalmology appointments pending, but no urgent need for opthalmology evaluation based on examination this morning. Inmate reassured of exam findings, and ambulated back to cell without difficulty.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 10/23/2014 | Counseling | Plan of Care | Zimmerman, Anna | Verbalizes Understanding |

**Copay Required:** Yes          **Cosign Required:** No
**Telephone/Verbal Order:** No

Completed by Zimmerman, Anna CRNP on 10/23/2014 09:48