UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON, PA

FILED
SCRANTON

NOV 09 2018

PER _____ DEPUTY CLERK

George Willie Buford, III,

    Relator,
    Plaintiff, Pro Se,

v.

UNITED STATES OF AMERICA ET AL.,

    DEFENDANTS.

CIVIL NO.: 3:CV-16-0234

Judge Yvette Kan
Magistrate Susan E. Schwab

---

**PLAINTIFF'S NOTICE OF FRAUD UPON THE COURT AND FALSIFICATION OF OFFICIAL DOCUMENTS**

---

To: The Honorable Susan E. Schwab
UNITED STATES MAGISTRATE JUDGE

Commonwealth of Pennsylvania ) -SS- Sworn Statement
County Of Union ) Title 28 U.S.C. §1746

    COMES NOW the Plaintiff, Dr. George Willie Buford, III, (hereinafter "Plaintiff" or "Buford," as the context may, from time to time, require) first being duly SWORN in accordance with the Laws of the United

States, hereby DEPOSES and says:

1. That I am Dr. George Willie Buford, III, D.D.;

2. That I am The Real Party Of Interest in the above-captioned Cause of Action;

3. That I have attained the lawful age;

4. That I am neither infant nor incompetent person;

5. That I am a Flesh and Blood sentient being, with a Soul, aggrieved by arbitrary act(s)/omission(s) of the Government of the United States;

6. That, as the Real Party Of Interest, I am competent to state the facts of this matter;

7. That on or about 23 October 2018, I recieved an ORDER from United States Magistrate Judge Susan E. Schwab ("Schwab") granting a defense motion to SEAL the video of Plaintiff being shot multiple times in the back of the head by persons acting and/or purporting to act under a grant of official authority of the Government of the United States;

8. That though the Government's Motion to seal the video had been granted by

2

The Honorable Mrs. Schwab, I had been granted no Notice of the Motion nor any Opportunity to be heard in a reasonable time and meaningful manner on why the video should not be sealed;

9. That the first chance I had, I contacted the Court for the purpose of vindicating my Due Process rights and my First Amendment rights of Access to the Courts and to Petition the Government for a Redress of Grievances;

10. That on or about 01 November 2018, I was ordered to return to the unit I am assigned at USP Allenwood to speak to Mr. J. Bastion, Unit 3A Counselor;

11. That Mr. Bastion informed me that I would be allowed the opportunity to view the video related to the above-captioned Cause of Action on 02 November 2018, in the a.m.;

12. That Plaintiff has not been served with ANY copy(ies) of ANY communication(s) with the Court, by the defendants, regarding the facilitation of the viewing of the video in question. Any such communication would be, at law, an _ex parte_ communication — just like the _ex parte_ communication that resulted in the video being sealed in the first place;

3

13. That on 02 November 2018, Counselor J. Bastion, Unit 3A, allowed me to view the video at issue;

14. That the video begins with an after-action report by Lt. R. Johnson (now-Retired) and other FBOP employees;

15. That gone from the video footage I was allowed to view is the footage of the actual (ACTUAL) shooting that is at issue in this Case or Controversy;

16. That if the defendants claimed to the Court that it would allow me to view the video of the shooting, they have made a FALSE STATEMENT to the Court inasmuch as the video I was shown was NOT of me being shot (which is germaine to the question of whether or not the shooting was justified according to the guidelines for the use of chemical weapons on prisoners found in the Code of Federal Regulations) but of FBOP staff reading scripts of what "they say" happened;

17. That while the video of the ACTUAL shooting is withheld, I would point the Court's focus to the video I was shown which clearly depicts FBOP staff reading from a pre-written script, using canned phraseology designed to justify

-4-

doing that, which by law and the CFR is, unjustifiable;

18. That, not only were these FBOP employees clearly depicted in the video shown to me reading from prepared statements, but it is EVIDENT from the employees' body language, facial expressions and demeanor that the statements made on the video were false, fraudulent and intending to mislead (at one point, one of the employees could not even look into the camera);

19. That defendants, by and through counsel (an officer of the Court) knew, or, being reasonably prudent governmental employees, should have known that sending me a video that began AFTER the shooting, was non-compliant with Discovery, was the presentation of false evidence — in its incompleteness — and continues to interfere with my right under the First Amendment to Access to the Courts and to Petition the Government for a Redress of Grievances;

20. That there are at least two (2) distinct ways to lie: (i) orally and (ii) through act and/or omission. The defendant has done BOTH; in representing to the

5

Court that it would facilitate my viewing of the video of my shooting and then by — through an act of sheer chicanery — concealing the part showing the shooting and displaying the aftermath of the shooting with scripts, prompts and coded wording designed to keep the story in line throughout the employees involved (e.g., this officer suffer no injury or loss of equipment . . . . );

21. That, upon information and belief, the portion of the video depicting the ACTUAL shooting is being knowingly and intentionally withheld in an attempt to tamper with the substance of my claims (spoliation) in order to prevent meaningful review of this Case or Controversy on the merits (that's why this is the third (3rd) motion for Summary Judgment) — it is unreasonable to believe that the defendants would EVER want that part of the video to see the light of day, <u>especially before a Jury</u>

22. That I have NEVER (to the date of this writing) seen the video footage of me being shot in the head at least seven (7) times with the so-called pepper-ball gun;

23. That MUCH of this Honorable Court's time and valuable resources have been expended on this or that defense flight of sophistry and subterfuge regarding this litigation. SURELY, this Court does not intend to allow the defendant to prevail in this Cause of Action through the active employment of fraud upon the Court (showing one part of the video while hiding the other in order to obtain summary judgment);

24. That by presenting the video of the after-action-report as the video of the shooting, the defendant – UNITED STATES – by and through Counselor G. MICHAEL THIEL, an officer of the Court, committed Falsification of Official Documents, in violation of Title 18 U.S.C. § 1001, which is a FELONY punishable by fine, imprisonment or both. WHAT DOES THIS COURT INTEND TO DO ABOUT THIS BLATANT CRIMINALITY?

25. That the statements made herein are truth, true, correct and certain and made in the absence of threat(s) or promise(s), reward(s) or penalty(ies) and are made to the best of my information, knowledge and belief.

Further, Affiant Sayeth Naught,

Attest True,

02 November 2018
(Date)

*[signature]* Dr. George Willie Buford, III, D.D.
in itinere
Apostille No.: A2009-5853
Convention de la Haye
du 5 Octobre 1961
[UNDER DURESS]

Fed. Reg. No.: 30084-074
Federal Correction Complex
Allenwood — USP
Post Office Box 3000
White Deer, PA
17887-3000
United States of America

Sworn To And Subscribed This 02nd Day of November 2018; Pursuant To The Self-Notary Statute of Title 28 U.S.C. §1746.

8